IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Andrea J. Magwood, | ) Civil Action No. 2:09-2751-DCN-BM |
| Plaintiff, | ) |
| v. | ) |
| Heritage Trust Federal Credit Union, Wayne Whitworth, in his individual capacity, Family Assistance Management Services, Toni Melendez, and Kelle Spears, in her individual capacity, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas, Charleston Division, Ninth Judicial Circuit. The case was subsequently removed to this Court by the Defendants Whitworth and Spears on October 22, 2009 on the basis of federal question jurisdiction.

The Defendant Heritage Trust Federal Credit Union filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P. on October 29, 2009. The Defendants Family Assistance Management Services, Inc. and Toni Melendez thereafter filed their own motion to dismiss on October 30, 2009. Since the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 2, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to

1



adequately respond, the Defendants' motions may be granted.

Plaintiff filed a memorandum in opposition to the Defendants' motions on December 7, 2009, following which reply memoranda were filed on December 14, 2009, and December 16, 2009. These motions are now before the Court for disposition.[1]

### Background and Evidence

Plaintiff alleges in her unverified complaint[2] that on or about June 25, 2004, an individual with a psychiatric history named Turian Taylor made allegations against the Plaintiff which led to a warrant being issued for Plaintiff's arrest. Plaintiff alleges that she was charged with exploitation and physical abuse of a vulnerable adult, with the affidavit for the warrant having been signed from the Defendant Kelle Spears and supported by written statements from the Defendants Whitworth and Melendez. Plaintiff alleges that, as a result of this warrant being issued, she was jailed on July 29, 2004, and released the following day. Plaintiff further alleges that on January 19, 2007, the Solicitor for the Ninth Judicial Circuit <u>nolle prossed</u> these charges.

Based on these allegations Plaintiff asserts a cause of action for malicious prosecution, as well as a second cause of action for <u>quantum meruit</u> against the Defendant Melendez.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. Three of the named Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by <u>pro se</u> litigants are to be considered as affidavits and may, standing alone, defeat a dispositive motion when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff has filed an *unverified* Complaint. Indeed, the copy of the Complaint filed with this Court as part of the removal package does not even reflect a signature by the Plaintiff on her Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case, although for purposes of Defendants' Rule 12 motions the undersigned has drawn all reasonable factual inferences in Plaintiff's favor.

2



Plaintiff seeks monetary damages.

The Defendant Heritage Trust Federal Credit Union asserts in its motion to dismiss that it cannot be held liable in a malicious prosecution claim, while the Defendants Family Assistance Management Services, Inc. and Melendez assert in their motion to dismiss that they are immune from suit under the quasi judicial immunity for court appointed guardian ad litems, and that Plaintiff's debt collection claim is barred by the statute of limitations and in any event names improper parties. Plaintiff filed a lengthy response to these motions in Affidavit form, with several attached exhibits.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

With respect to the Defendant Heritage Federal Credit Union, this Defendant is

3



alleged to be a corporation doing business in Charleston County, South Carolina. Plaintiff alleges that the charge of exploitation of a vulnerable adult was initiated against her at the instance of this Defendant, along with the Defendants Whitworth (an investigator for the South Carolina Department of Labor, Licensing and Regulation), Melendez (court appointed guardians ad litem and conservator for Turian Taylor) and Spears (an officer with the North Charleston Police Department). Other than these general and conclusory allegations in her Complaint, however, Plaintiff has set forth no factual allegations setting forth what the Defendant Heritage Trust is supposed to have done to give rise to a malicious prosecution claim. See Rule 8, Fed.R.Civ.P. [requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"]; Ashcroft v. Iqbal, 129 S.Ct. at 1949 ["Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."]; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]; Johnson v. Bank of America, No. 09-1600, 2010 WL 1542560, at * 2 (D.S.C. April 16, 2010)["Mere legal conclusions [are] not entitled to a presumption of truth"]. In her sworn affidavit submitted in opposition to the Defendants' motions, Plaintiff fails to add much to these bare bones allegations, stating only that Heritage Trust "was aware of the problems that Turian Taylor the depositor caused," and that Heritage Trust maintained video documentation of Taylor's banking activities. See, Affidavit in Opposition, at ¶ 6.

In order to maintain her claim for malicious prosecution against this Defendant, Plaintiff must have set forth sufficient factual allegations in her Complaint to show, inter alia, that this Defendant instituted judicial proceedings against her with malice and lack of probable cause.



Law v. South Carolina Dep't of Corrections, 629 S.E.2d 642, 648 (S.C. 2006); Parrot v. Plowden Motor Co., 143 S.E.2d 607, 608 (S.C. 1965); see also Lynch v. Toys R Us - Deleware, Inc., 654 S.E.2d 541, 549 (S.C. Ct. App.)[Noting that a Plaintiff must prove each of the required elements of a malicious prosecution claim by a preponderance of the evidence], vacated on other grounds, 682 S.E.2d 824 (S.C. 2009).[3] Plaintiff has failed to set forth factual allegations in her complaint sufficient to meet this standard; see Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555 [Factual allegations must be enough to raise a right to relief above a speculative level]; nor did she set forth any such allegations or otherwise expand on this claim in her affidavit filed in response to the Defendants' motions. Cf. Calhoun v. Vicari, 05-4167, 2005 WL 2372870, at * 5 (D.N.J. Sept. 26, 2005)[Allowing Plaintiff to supplement an otherwise insufficient allegation to allow for the possible maintenance of a claim].

Therefore, as Plaintiff has failed to allege sufficient factual allegations in her Compliant or response affidavit to set forth the elements of a malicious prosecution claim against this Defendant, Heritage Trust is entitled to dismissal as a party Defendant in this case. Rule 8, Fed.R.Civ.P.; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]; Neitzke v.

---

[3]The cited cases discuss the requirements for maintaining a malicious prosecution claim under South Carolina law. Plaintiff specifically states in her first cause of action, at ¶ 58, that she is suing the Defendants Spears and Whitworth for malicious prosecution under 42 U.S.C. § 1983. Therefore, the undersigned has assumed that Plaintiff has asserted her malicious prosecution claim against the Defendant Heritage Trust under state law. However, in the event Plaintiff has intended for her malicious prosecution claim to be asserted solely under § 1983, then in that event Heritage Trust would be entitled to dismissal as a party defendant because, as a private corporation, it is not subject to suit under § 1983. Gomez v. Toledo, 446 U.S. 635, 640 (1980)[To state a cause f action under § 1983, Plaintiff must show that the named Defendants deprived him of a federal right, and did so under color of state law]. Lugar v. Edmonson Oil Co., 457 U.S. 922, 936 (1982)[private conduct not actionable under § 1983]; Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961)[same].



Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading]; see generally, Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.].

## II.

Family Assistant Management Services, Inc. is alleged in the Complaint to be a non-profit organization doing business in Charleston, South Carolina, while Melendez, as an agent of Family Assistant, is alleged to have been a court appointed guardian ad litem and conservator for Turian Taylor. Family Assistant Management Services is not specifically named as a Defendant in Plaintiff's first cause of action for malicious prosecution, although the Defendant Melendez, who is named, is alleged to be an agent of Family Assistant Management Services. Only Melendez is named as a Defendant in Plaintiff's second cause of action for quantum meruit.

These Defendants assert in their motion to dismiss that Plaintiff was the administrator for the Genesis Community Home (Genesis), where Turian Taylor was staying.[4] Plaintiff alleges that in July 2004 she was arrested and jailed after being charged with exploiting Taylor while she stayed at Genesis. Plaintiff alleges in her Complaint that on June 25, 2004, based on allegations made by Taylor, the Defendant Spears signed an affidavit in support of an arrest warrant, and that the arrest warrant stated that Spears, Whitworth, and Melendez had signed written statements to prove the allegations of the warrant. No further factual allegations are stated concerning what these

---

[4] These Defendants represent in their motion that Taylor died in November 2008. Plaintiff has not disputed this assertion in her response.



written statements said, nor have any copies of these written statements been provided to the Court.

With respect to Plaintiff's malicious prosecution claim, these Defendants assert that they are entitled to dismissal of this claim because they enjoy quasi-judicial immunity from suit as court appointed guardians ad litem. See also, Defendant's Exhibit A [Certificate of Appointment].[5] In her response, Plaintiff does not dispute that guardian ad litems are entitled to an absolute quasi judicial immunity from suit, but argues that in this case "the behavior of the Defendant is so egregious, shocking to the conscience of the Court and to a jury of her peers, as to transcend the limitation of immunity." Plaintiff has, however, offered no factual allegations to support her conclusory and self serving claim that the Defendants acted in an egregious and shocking manner in this case, or to support her bare assertion that either Defendant acted with malice, as alleged by Plaintiff in her Complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Johnson, 2010 WL 1542560 [Legal conclusions not entitled to presumption of truth]; Reed v. Town of Williston, No. 08-2451, 2010 WL 1409425, at * 7 (D.S.C. March 31, 2010).

Therefore, these Defendants are entitled to dismissal as party Defendants in Plaintiff's first cause of action for malicious prosecution. Faile v. South Carolina Dept. of Juvenile Justice, 566

---

[5]The Court may consider this appointment order when reviewing the Defendants' motion to dismiss. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2nd Cir. 1998)[Court may rely on matters of public record in deciding a Rule 12 motion to dismiss].

7



S.E.2d 536, 542 (S.C. 2002)[Common law judicial immunity protects guardians from liability in the performance of their official duties]; Flemming v. Asbill, 483 S.E.2d 751, 755-756 (S.C. 1997)["Guardians ad litem are entitled [to] absolute quasi-judicial immunity"]; cf. Camden v. Hilton, 600 S.E.2d 88, 94 (S.C.Ct.App. 2004)[The doctrine of qualified immunity shields police officers acting in their official capacity from damages unless their conduct violates clearly established rights of which an objectively reasonable official would have known]; see also Hagebush v. United States, 657 F.Supp. 675, 677 (D.Neb. 1986)["[P]ro se pleadings may not be merely conclusory; the complaint must allege facts which, if true, state a claim as a matter of law"]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

In her second cause of action, Plaintiff alleges that she provided care for Turian Taylor at a reasonable cost of $1,800.00 per month, but that Melendez (as Taylor's guardian ad litem and conservator) only paid $900.00 per month for her care; that as of May 20, 2004 there was a balance due of $12,150.00 which Melendez had failed to pay; and that Plaintiff is therefore entitled in quantum meruit to the amount of $12,150.00. In response to this claim, Melendez correctly notes that the statute of limitations for an action based upon a contract, obligation, or liability is three (3) years; see S.C. Code Ann. § 15-3-530(1); and that Plaintiff did not file this lawsuit until 2009, almost five (5) years after her claim arose.

Plaintiff argues in her response that this claim is not barred by the statute of



limitations because the losses she incurred "are not a matter of debt collection but are alleged loses deriving from the Defendants misconduct." Plaintiff's Affidavit, at p. 3, ¶ 3. It is unclear how Plaintiff believes this argument obviates the restrictions the statute of limitations places on this claim, but in any event, it is readily apparent from the allegations of the Complaint that plaintiff's claim for "quantum meruit" as set forth in her second cause of action was filed well after the expiration of the statute of limitations for such a claim. Therefore, the Defendant Melendez is entitled to dismissal of this cause of action.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants Heritage Trust Federal Credit Union, Family Assistants Management Services, Inc., and Toni Melendez all be **dismissed** as party Defendants in Plaintiff's first cause of action.

It is further recommended that Plaintiff's second cause of action be **dismissed,** in toto, because that cause of action is barred by the applicable statute of limitations.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 4, 2010

Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

