| | |
|---|---|
| Andrea J. Magwood,<br>    Plaintiff,<br><br>v.<br><br>Heritage Trust Federal Credit Union,<br>Wayne Whitworth, in his individual capacity,<br>Family Assistance Management Services, Toni<br>Melendez, and Kelle Spears, in her individual<br>capacity,<br>    Defendants. | Case No. 2:09-2751-RMG-BM<br><br>ORDER |

This is a *pro se* action was originally filed in State Court in Charleston County and removed by Defendants on the basis of federal question jurisdiction. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Magistrate has issued a Report and Recommendation that Defendants Heritage Trust Federal Credit Union, Family Assistance Management Services, and Toni Melendez's motions to dismiss should be granted. (Dkt. Nos. 9 & 12). Defendant Heritage Trust Federal Credit Union filed objections to the extent that this Court disagreed with the recommendation of the Magistrate. (Dkt. No. 34). As shown herein, this Court agrees with the Magistrate and therefore, Defendant Heritage Trust's objections are not addressed herein. Plaintiff has also filed objections to the R&R. (Dkt. Nos. 43 & 50). As explained herein, this Court agrees with the Report and Recommendation and grants the above-referenced Defendants' motions to dismiss. Plaintiff has failed to specifically object to the Report and Recommendation as she has simply offered the argument that she needs discovery and does not

address any of the legal deficiencies with respect to her claims as found by the Magistrate in his Report.

## LAW/ANALYSIS

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Plaintiff's "objections" merely restate argue that she needs discovery despite the numerous legal hurdles present with respect to her claims regardless of any potential discovery. (*See* Dkt. Nos. 43 & 50. The "objections" fail to even make mention of the Report and Recommendation save her conclusory statement that she objects to dismissal. (Dkt. No. 50). Nonetheless, since Plaintiff filed "objections" this Court has reviewed this matter *de novo* and agrees with the recommendation of the Magistrate.

Plaintiff has failed to allege sufficient factual allegations in her Compliant or response affidavit to set forth the elements of a malicious prosecution claim against Defendant, Heritage Trust

is entitled to dismissal as a party Defendant in this case. The Record shows that in her sworn affidavit submitted in opposition to the Defendants' motions, Plaintiff fails to add much to these bare bones allegations, stating only that Heritage Trust "was aware of the problems that Turian Taylor the depositor caused," and that Heritage Trust maintained video documentation of Taylor's banking activities. (*See* Dkt. No. 20, Affidavit in Opposition, at ¶ 6). Thus, Plaintiff has set forth no factual allegations setting forth what the Defendant Heritage Trust is supposed to have done to give rise to a malicious prosecution claim. *See* Rule 8, Fed.R.Civ.P. (requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level).

Defendants Family Assistance Management Services and Toni Melendez have also moved to dismiss based on the contention that they are entitled to quasi-judicial immunity in their capacity as court appointed guardian ad litems. Here, Plaintiff has offered no factual allegations to support her conclusory claim that these Defendants acted in an egregious and shocking manner in this case. Plaintiff has also failed offered any support for her assertion that either Defendant acted with malice. Therefore, these Defendants are entitled to dismissal as party Defendants in Plaintiff's first cause of action for malicious prosecution. *Faile v. South Carolina Dept. of Juvenile Justice*, 566 S.E.2d 536, 542 (S.C. 2002) (holding that common law judicial immunity protects guardians from liability in the

performance of their official duties); *Flemming v. Asbill*, 483 S.E.2d 751, 755-756 (S.C. 1997) (stating that "[g]uardians ad litem are entitled [to] absolute quasi-judicial immunity.").

Finally, Plaintiff's second cause of action is barred by the statute of limitations as she did not file this action until five (5) years after the alleged events occurred. S.C. Code Ann. § 15-3-530(1) provides that the statute of limitations for an action based upon a contract, obligation, or liability is three (3) years. Therefore, she cannot state a claim for relief on her second claim either.

## CONCLUSION

Based on the above, Defendant Heritage Trust's Motion to Dismiss is **granted**. (Dkt. No. 9). In addition, Defendants Family Assistance Management Services and Toni Melendez Motion to Dismiss is **granted**. (Dkt. No. 12).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 3, 2010
Charleston, South Carolina